Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

## Moreno v. Oliú.

Appeal in cassation from the District Court of San Juan.

No. 61.—Decided February 19, 1903.

Appeals.—Final Judgment.—An order dismissing an action for temporary support because the documentary evidence establishing a right thereto was not presented, is not final for the purpose of an appeal in cassation.

Id.—An appeal in cassation which has not complied with the provisions of Article 1718 of the Code of Civil Procedure will not be considered.

STATEMENT OF THE CASE.

On September 12, 1902, Sandalio Torres on behalf of Luisa Basilia Moreno, brought an action in the District Court of San Juan, for temporary support to which she was entitled from Pompeyo Oliu, a property owner and resident of Bayamón, the plaintiff being his illegitimate daughter according to a letter which accompanied the complaint wherein Oliú after calling her his daughter, expresses his sympathy for her on account of the death of her mother, and asks for a memorandum of such articles as she stood most in need of, so as to send them to her. On September 12, 1902, the court admitted Torres as party to the suit on behalf of the plaintiff, and dismissed the suit on the strength of Article 1607 of the Law of Civil Procedure.

rece, y visto lo dispuesto en el artículo 1607 de la Ley de Enjuiciamiento Civil, que requiere previamente la presentación del título en cuya virtud se solicitan los alimentos, declaró que no había lugar á admitir la demanda, y pedida reposición de esta providencia, se denegó por auto de 18 del mismo mes de Septiembre citado.

*Resultando :* que contra esas resoluciones se ha interpuesto recurso de casación por infracción de ley, autorizado, se dice, por el artículo 78 de la Orden General número 118, serie de 1899, y se citan como infringidos : primero, el artículo 1607 de la Ley de Enjuiciamiento Civil, porque, según él, no puede rechazarse de plano la demanda cuando se ofrecía completar la justificación si fuese necesario; segundo, el artículo 1611 de la citada ley, puesto que solo el demandado puede, en el acto del juicio, oponerse á la solicitud de alimentos; tercero, el artículo 70 de la Orden General, número 118, que permite la presentación de documentos, indistintamente, con los escritos de demanda y de contestación, ó en el acto de la comparecencia para proponer la prueba; cuarto, el artículo 806 del Código Civil, que concede expresa y concretamente al hijo ilegítimo, que no tenga la calidad de reconocido, el derecho de alimentos.

Abogado del recurrente : *Sr. Torres Monge.*

which provides that a person who considers himself entitled to demand maintenance must present with his complaint the documentary evidence establishing his right thereto. A reconsideration of this decision having been requested, it was refused by an order of the court dated September 18th of the same year. From the aforesaid orders an appeal in cassation has been taken for violation of law, authorized (it is stated) by Section 78 of General Orders No. 118, series of 1899, the following violations being alleged, to wit: First.—Article 1607 of the Law of Civil Procedure, because according thereto the complaint could not be peremptorily dismissed when an offer was made to furnish further evidence should it be necessary. Second.—Article 1611 of aforesaid Law, because the defendant alone may, at the hearing, contest the application for maintenance. Third.— Section 70 of General Orders No. 118, which allows the presentation of documentary evidence either with the complaint or with the answer thereto, or at the proceeding for the proposal of evidence. Fourth.—Article 806 of the Civil Code which expressly concedes to unacknowledged illegitimate children the right to their support.

*Mr. Torres Monge* for appellant.

MR. JUSTICE MACLEARY, after making the above statement of facts, delivered the following opinion of the Court:

The order appealed from is not in the nature of a final judgment according to article 1688 of the Law of Civil Procedure, because it does not terminate the suit, nor render its continuation impossible, being solely and entirely subordinate to the presentation of the title on which the claim to maintenance is based; and this being so, it follows that paragraph 3 of article 1727 of aforesaid Law, taken in connection with article 1726, should be complied with, by declaring that the appeal does not lie. Nor has the provision of article 1718 of aforesaid Law of Civil Procedure been complied with in formulating the appeal, since neither article 1690 nor the paragraph thereof involving the legal

Enjuiciamiento Civil, repetidamente citado, puesto que no se expresa en el escrito de interposición, ni el artículo 1690, ni el párrafo del mismo, en que se crea comprendido el problema jurídico que se plantea.

*Fallamos:* que debemos declarar y declaramos no haber lugar á resolver el recurso de casación por infracción de ley, interpuesto por Doña Luisa Moreno; no se hace condena de costas, por no haber en este caso parte recurrida; líbrese la oportuna certificación á la Corte de San Juan, con devolución de los autos, para los efectos procedentes.

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados Hernández, Figueras y Sulzbacher.

---

FERNÁNDEZ *v.* MARQUEZ & CA. ET AL.

CASACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 27.—Resuelto en Febrero 26, 1903.

question raised has been stated in the petition. We should declare, and do declare, that the appeal in cassation taken by Luisa Moreno does not lie, and there being no respondent, no costs are imposed. The proper certificate is ordered to be forwarded to the District Court of San Juan, together with the record herein for compliance therewith.

Messrs. Chief Justice Quiñones and Associate Justices Hernández, Figueras and Sulzbacher, concurring.